UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARYON T. NETTLES, | No. 2:16-cv-0243 AC P |
| Petitioner, | |
| v. | ORDER |
| RON DAVIS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee and consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

Petitioner challenges the state court's denial of his petition for recall pursuant to the Three Strikes Reform Act of 2012, California Penal Code § 1170.126, also referred to as Proposition 36. Petitioner asserts two grounds for relief. First, he asserts that his due process rights were violated when the state court relied on fabricated information to find that two prior convictions for assault with intent to commit rape constituted sexually violent offenses, thereby making him ineligible for resentencing. ECF No. 1 at 5, 16-21, 33-37. Second, he argues that he was denied his right to a jury when the court made additional findings of fact related to his prior convictions and concluded that, based on those findings, he was ineligible for resentencing. Id. at 7, 20, 37-38.

1

1     Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f
2  it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled
3  to relief in the district court."

4     A state prisoner is entitled to federal habeas relief only if he is being held in custody in
5  violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Unless
6  an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is
7  not cognizable under federal habeas corpus.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).
8  "[F]ederal habeas corpus relief does not lie for errors of state law," Lewis v. Jeffers, 497 U.S.
9  764, 780 (1990) (citations omitted), and a petitioner may not transform a state-law issue into a
10 federal one merely by asserting a violation of due process, Langford v. Day, 110 F.3d 1380, 1389
11 (9th Cir. 1996).  Alleged errors in the interpretation or application of state law, which includes
12 alleged errors in state sentencing law, do not warrant habeas relief.  Hubbart v. Knapp, 379 F.3d
13 773, 779-80 (9th Cir. 2004) ("Federal habeas corpus relief is generally 'unavailable for alleged
14 error in the interpretation or application of state law.'" (citations omitted)); Miller v. Vasquez,
15 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether an offense qualifies as a "serious felony" under
16 California law is a question of state sentencing law and not cognizable in habeas).

17    In order to be eligible for resentencing under § 1170.126, an inmate cannot have any
18 "prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of
19 paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph
20 (2) of subdivision (c) of Section 1170.12."  Cal. Penal Code § 1170.126(e)(3).  In his first ground
21 for relief, petitioner argues that the court looked to the specific facts of his convictions for assault
22 with intent to commit rape to determine whether they were sexually violent offenses and therefore
23 made him ineligible for resentencing under § 1170.126(e)(3).  ECF No. 1 at 5, 16-21, 33-37.  He
24 argues that in doing so the court relied on fabricated information.  Id.

25    At the time petitioner was convicted of his indeterminate life sentence under the three
26 strikes law, assault with intent to rape was not listed as a violent offense.  Id. at 32; People v.
27 Nettles, 192 Cal. Rptr. 3d 698, 407 (Cal. Ct. App. 2015).  Petitioner argued in the state court of
28 appeal, as he does here, that the evidence relied on by the state superior court in determining his

1  convictions were sexually violent offenses was unreliable. ECF No. 1 at 16-21, 33-37. While it
2  appears that the state court of appeal did evaluate the specific facts of petitioner's crimes in the
3  unpublished portion of its opinion,[1] in the published portion the Court of Appeal for the Third
4  District of California held that "the determination of whether or not an inmate is disqualified from
5  resentencing under section 1170.126, subdivision (e)(3), because he or she has a prior conviction
6  for an offense 'appearing' in clause (iv) of sections 667, subdivision (e)(2)(C), and 1170.12,
7  subdivision (c)(2)(C), is to be determined *as of the date the Act became effective*." Nettles, 192
8  Cal. Rptr. 3d at 405 (emphasis added). The court went on to find that

> "A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code" appears in clause (iv) of these subdivisions (§§ 667, subd. (e)(2)(C)(iv)(I); 1170.12, subd. (c)(2)(C)(iv)(I)), *and so appeared on the date the Act became effective*. Moreover, on that determinative date, Welfare and Institutions Code section 6600 defined "sexually violent offense" to include assault with intent to commit rape.

Id. (emphasis added). In other words, on the date § 1170.126 went into effect, assault with intent to commit rape was statutorily defined as a sexually violent offense and was a disqualifying offense. The court then held that because petitioner had two prior convictions for assault with intent to commit rape he was disqualified from resentencing. Id. The determination that a conviction for assault with intent to commit rape, in and of itself, makes an inmate ineligible for resentencing makes any determination the court may have made as to the facts surrounding petitioner's specific offenses irrelevant. The state court's interpretation of § 1170.126, and its determination that petitioner's convictions for assault with intent to commit rape constituted sexually violent offenses and therefore disqualified him from being eligible for resentencing, are questions of state sentencing law and therefore not cognizable in federal habeas. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) ("Whether assault with a deadly weapon

---

[1] The Court of Appeals for the Third District of California only certified a portion of its opinion for publication in petitioner's case. A copy of the complete opinion is available on the court's website at
http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=3&doc_id=2040744&doc_no=C073336.

qualifies as a 'serious felony' under California's sentence enhancement provisions is a question of state sentencing law.").

Petitioner's claim that he was denied his right to a jury trial on additional facts related to his convictions for assault with intent to commit rape also fails to state a cognizable claim. Petitioner argues that the court violated his right to a jury trial when it made findings of fact outside the elements of his convictions to determine that he was ineligible for resentencing. ECF No. 1 at 7, 20, 37-38. Though the state court may have made findings regarding the specifics of petitioner's offenses, in interpreting § 1170.126 it also held that a conviction for assault with intent to commit rape renders an inmate ineligible for resentencing. Nettles, 192 Cal. Rptr. 3d at 405, 409. Petitioner pled guilty to assault with intent to commit rape (ECF No. 1 at 7, 20, 37-38) and thereby waived his right to a jury trial. Boykin v. Alabama, 395 U.S. 238, 243 (1969) (a plea of guilty waives several federal constitutional rights, including the right to trial by jury). Because the mere fact of petitioner's conviction makes him ineligible for resentencing and petitioner waived his right to a jury trial as to those offenses, his claim that his Sixth Amendment right to a jury trial was violated is not cognizable.

Petitioner has also requested the appointment of counsel. However, since the petition will be dismissed because it does not state a cognizable claim, petitioner's motion for counsel will be denied.

Summary

The petition is dismissed for failure to state a claim. Petitioner's first claim fails because the state court decided that the fact that he was convicted of assault with intent to commit rape was, by itself, enough to make him ineligible for resentencing. The specific facts of his crimes are not relevant to that decision. Since this is a question of state law, it does not state a claim for federal habeas corpus relief. Petitioner's second claim also fails because his guilty pleas waived his right to a jury and the fact of conviction was what made him ineligible for resentencing, not the additional facts.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for counsel (ECF No. 2) is denied.

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is dismissed.

3. No certificate of appealability shall issue.

DATED: September 23, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE